IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VERONICA HINTON, | ) |
| Plaintiff, | ) Case No. 24-cv-12017 |
| v. | ) |
| THE CITY OF CHICAGO, MATTHEW O. BRYANT, and JOHN DOE, | ) **JURY TRIAL DEMANDED** |
| Defendants. | ) |

## AMENDED COMPLAINT

Plaintiff VERONICA HINTON, by and through her attorneys, ED FOX & ASSOCIATES, LTD., brings this Amended Complaint against Defendants THE CITY OF CHICAGO, MATTHEW O. BRYANT, and JOHN DOE, alleging as follows:

### JURISDICTION AND VENUE

1. The cause of action arises under 42 U.S.C. Code § 1983.

2. This Court has jurisdiction over the federal claims under 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred within this judicial district.

### PARTIES

4. At all relevant times, Plaintiff VERONICA HINTON ("Plaintiff") was a citizen of the United States and resided within this judicial district.

5. At all relevant times, Defendants MATTHEW O. BRYANT ("Defendant Bryant") and JOHN DOE ("Defendant Doe") (collectively "Defendant Officers") were police officers in the Chicago Police Department. At all relevant times, Defendant

Officers acted under color of state law and within the scope of their employment. Defendant Officers are being sued in their individual capacities.

6. At all relevant times, THE CITY OF CHICAGO ("Defendant City") was a political division of the State of Illinois and served as the employer of Defendant Officers. Defendant Officers acted as representatives, employees, and/or agents of Defendant City. Under the doctrine of *respondeat superior*, Defendant City bears liability for all state law claims committed by its representatives, employees, and agents acting within that scope.

**FACTUAL ALLEGATIONS**

7. On or about August 11, 2024, Defendant Bryant was assigned to conduct a sting operation aimed at soliciting women to engage in acts of prostitution.

8. Defendant Bryant stopped his vehicle alongside Plaintiff, who was standing near a gas station at 48th Street and Cicero Avenue in Chicago, Illinois.

9. Defendant Bryant lowered the driver's side window and instructed Plaintiff to enter his vehicle.

10. Plaintiff asked Defendant Bryant whether he was a police officer.

11. Defendant Bryant told Plaintiff that he was not a police officer.

12. Plaintiff entered Defendant Bryant's vehicle.

13. Plaintiff again asked Defendant Bryant whether he was a police officer.

14. To prove to Plaintiff that he was not a police officer and to induce her to agree to engage in sexual acts in exchange for money, Defendant Bryant touched her breasts and vulva through her clothes.

15. Believing he was not a police officer, Plaintiff agreed to engage in sexual

2

acts with Defendant Bryant in exchange for money.

16. Plaintiff touched Defendant Bryant's penis through his pants.

17. Additional police officers arrived, arrested Plaintiff, transported her to the police station, and charged her with prostitution under 720 ILCS 5/11-14(a).

18. On or about October 16, 2024, Defendant Doe was assigned to conduct a sting operation aimed at soliciting women to engage in acts of prostitution.

19. Defendant Doe stopped his vehicle alongside Plaintiff, who was standing near a gas station at 49th Street and Cicero Avenue in Chicago, Illinois.

20. Defendant Doe lowered the driver's side window and instructed Plaintiff to enter his vehicle.

21. Plaintiff asked Defendant Doe whether he was a police officer.

22. Defendant Doe told Plaintiff that he was not a police officer.

23. To prove to Plaintiff that he was not a police officer and to induce her to agree to engage in sexual acts in exchange for money, Defendant Doe took his penis out of his pants and instructed Plaintiff to touch it.

24. Plaintiff touched Defendant Doe's penis.

25. Defendant Doe instructed Plaintiff to enter his vehicle.

26. Plaintiff entered Defendant Doe's vehicle.

27. Plaintiff again asked Defendant Doe whether he was a police officer.

28. To prove to Plaintiff that he was not a police officer and to induce her to agree to engage in sexual acts in exchange for money, Defendant Doe touched her breasts over her shirt.

29. Believing that he was not a police officer, Plaintiff agreed to engage in

sexual acts with Defendant Doe in exchange for money.

30. Plaintiff licked Plaintiff's penis.

31. Additional police officers arrived, arrested Plaintiff, transported her to the police station, and charged her with prostitution under 720 ILCS 5/11-14(a).

32. At all relevant times, the Chicago Police Department maintained either an express municipal policy, a widespread but unwritten custom or practice, or had made a decision through a municipal agent with final policymaking authority, that permitted undercover officers conducting sting operations to engage in sexual contact with women to induce them to commit prostitution, thereby engaging in abusive sexual conduct.

33. In addition to the two incidents Plaintiff personally experienced, in which undercover officers made sexual contact with her to induce her to commit prostitution, she is aware of at least one other woman who has fallen victim to similar abusive sexual conduct, later discovering that the solicitor was an undercover Chicago police officer.

34. As a direct and proximate result of one or more of the above-mentioned actions and/or omissions by Defendants, Plaintiff suffered significant injuries, including but not limited to the loss of liberty, invasion of privacy, humiliation, indignities, and suffered great mental and emotional pain in an amount yet to be ascertained.

35. The actions and/or omissions mentioned above by Defendants were willful, wanton, malicious, oppressive, and done with reckless indifference and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

36. Because of the actions and/or omissions mentioned above by Defendants, Plaintiff retained attorneys to institute, prosecute, and render legal assistance to her in

the within action so that they might vindicate the loss and impairment of her rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorneys' fees under all relevant provisions set by law.

## COUNT I
### ABUSIVE SEXUAL CONTACT IN VIOLATION OF THE FOURTH AMENDMENT UNDER 42 U.S.C. § 1983

37. Plaintiff hereby incorporates and reasserts paragraphs one (1) through thirty-six (36) as though fully set forth at this place.

38. Defendant Officers violated Plaintiff's Fourth Amendment right to be secure in her person against unreasonable seizures by making abusive sexual contact with her while soliciting her to commit acts of prostitution, causing her to suffer emotional and other injuries. Therefore, Defendant Officers are liable under 42 U.S.C. § 1983.

## COUNT II
### ABUSIVE SEXUAL CONTACT IN VIOLATION OF THE FOURTEENTH AMENDMENT'S DUE PROCESS CLAUSE UNDER 42 U.S.C. § 1983

39. Plaintiff hereby incorporates and reasserts paragraphs one (1) through thirty-six (36) as though fully set forth at this place.

40. Defendant Officers violated Plaintiff's Fourteenth Amendment right to bodily integrity under the Due Process Clause by making abusive sexual contact with her while soliciting her to commit acts of prostitution, causing her to suffer emotional and other injuries. Therefore, Defendant Officers are liable under 42 U.S.C. § 1983.

## COUNT III
### SEX DISCRIMINATION IN VIOLATION OF THE FOURTEENTH AMENDMENT'S EQUAL PROTECTION CLAUSE UNDER 42 U.S.C. § 1983

41. Plaintiff hereby incorporates and reasserts paragraphs one (1) through thirty-six (36) as though fully set forth at this place.

42. Defendant Officers violated Plaintiff's Fourteenth Amendment right to be free from sexual abusive contact under the Equal Protection Clause by making abusive sexual contact with her while soliciting her to commit acts of prostitution, causing her to suffer emotional and other injuries. Therefore, Defendant Officers are liable under 42 U.S.C. § 1983.

### COUNT IV
### *MONELL* CLAIM FOR ABUSIVE SEXUAL CONTACT IN VIOLATION OF THE FOURTH AMENDMENT UNDER 42 U.S.C. § 1983

43. Plaintiff hereby incorporates and reasserts paragraphs one (1) through thirty-six (36) as though fully set forth at this place.

44. Defendant City violated Plaintiff's Fourth Amendment right against unreasonable seizures by having an express municipal policy, a widespread but unwritten custom or practice, or made a decision through a municipal agent with final policymaking authority, that permitted undercover officers conducting sting operations to engage in sexual contact with women to induce them to commit prostitution, thereby engaging in abusive sexual conduct, directly causing her to suffer emotional and other injuries. Therefore, Defendant City is liable under 42 U.S.C. § 1983.

### COUNT V
### *MONELL* CLAIM FOR ABUSIVE SEXUAL CONTACT IN VIOLATION OF THE FOURTEENTH AMENDMENT'S DUE PROCESS CLAUSE UNDER 42 U.S.C. § 1983

45. Plaintiff hereby incorporates and reasserts paragraphs one (1) through thirty-six (36) as though fully set forth at this place.

46. Defendant City violated Plaintiff's Fourteenth Amendment right to bodily integrity under the Due Process Clause by having an express municipal policy, a widespread but unwritten custom or practice, or made a decision through a municipal

agent with final policymaking authority, that permitted undercover officers conducting sting operations to engage in sexual contact with women to induce them to commit prostitution, thereby engaging in abusive sexual conduct, directly causing her to suffer emotional and other injuries. Therefore, Defendant City is liable under 42 U.S.C. § 1983.

### COUNT VI
### *MONELL* CLAIM FOR ABUSIVE SEXUAL CONTACT IN VIOLATION OF THE FOURTEENTH AMENDMENT'S EQUAL PROTECTION CLAUSE UNDER 42 U.S.C. § 1983

47. Plaintiff hereby incorporates and reasserts paragraphs one (1) through thirty-six (36) as though fully set forth at this place.

48. Defendant City violated Plaintiff's Fourteenth Amendment right to be free from sexual abusive contact under the Equal Protection Clause by having an express municipal policy, a widespread but unwritten custom or practice, or made a decision through a municipal agent with final policymaking authority, that permitted undercover officers conducting sting operations to engage in sexual contact with women to induce them to commit prostitution, thereby engaging in abusive sexual conduct, directly causing her to suffer emotional and other injuries. Therefore, Defendant City is liable under 42 U.S.C. § 1983.

### COUNT VII
### BATTERY IN VIOLATION OF ILLINOIS COMMON LAW

49. Plaintiff hereby incorporates and reasserts paragraphs one (1) through thirty-six (36) as though fully set forth at this place.

50. Defendant Officers intentionally made abusive sexual contact with Plaintiff by concealing their identities to trick Plaintiff into engaging in sexual acts with them, which was offensive, causing her to suffer emotional and other injuries. Through this

conduct, Defendant Officers committed battery under Illinois common law. Therefore, Defendant City is liable under the doctrine of *respondeat superior*.

## PRAYER FOR RELIEF

51. Defendants shall pay general damages.

52. Defendants shall pay special damages.

53. Defendants shall pay Plaintiff's attorneys' fees.

54. Defendant Officers shall pay punitive and exemplary damages.

55. Defendants shall pay the costs of the suit herein incurred.

56. Plaintiff shall have such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

57. Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated: August 8, 2025

Respectfully submitted,

*/s/ Peter T. Sadelski*
Peter T. Sadelski
ED FOX & ASSOCIATES, LTD.
118 N. Clinton St., Ste. 425
Chicago, IL 60661
(312) 345-8877
petersadelski@efoxlaw.com
*Attorney for Plaintiff*