# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| VERONICA HINTON, | ) | |
| | ) | Case No. 24-cv-12017 |
| Plaintiff, | ) | |
| | ) | The Honorable John J. Tharp, Jr. |
| v. | ) | United States District Judge |
| | ) | |
| THE CITY OF CHICAGO, MATTHEW, | ) | The Honorable Maria Valdez |
| O. BRYANT, and JOHN DOE, | ) | United States Magistrate Judge |
| | ) | |
| Defendants. | ) | |

## DEFENDANT BRYANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND

Defendant Matthew Bryant, through his undersigned counsel, for his answer to Plaintiff's

Amended Complaint, affirmative defenses, and jury demand, states as follows:

## JURISDICTION AND VENUE

1.      The cause of action arises under 42 U.S.C. Code § 1983.

**ANSWER:**      Defendant admits the allegations arise under 42 U.S.C. Code § 1983, but denies all wrongdoing alleged herein.

2.      This Court has jurisdiction over the federal claims under 28 U.S.C. §§ 1331and 1343 and supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367.

**ANSWER:**      Defendant admits jurisdiction is proper.

3.      Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred within this judicial district.

**ANSWER:**      Defendant admits venue is proper, but denies all wrongdoing alleged herein..

## PARTIES

4.      At all relevant times, Plaintiff VERONICA HINTON ("Plaintiff") was a citizen of the United States and resided within this judicial district.

**ANSWER:**      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

5. At all relevant times, Defendants MATTHEW O. BRYANT ("Defendant Bryant") and JOHN DOE ("Defendant Doe") (collectively "Defendant Officers") were police officers in the Chicago Police Department. At all relevant times, Defendant Officers acted under color of state law and within the scope of their employment. Defendant Officers are being sued in their individual capacities.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they relate to John Doe. Defendant denies he acted under color of law. Defendant admits he was a law enforcement officer employed by the Chicago Police Department and acting within the scope of his employment at all relevant times, and that he is being sued in his individual capacity.

6. At all relevant times, THE CITY OF CHICAGO ("Defendant City") was a political division of the State of Illinois and served as the employer of Defendant Officers. Defendant Officers acted as representatives, employees, and/or agents of Defendant City. Under the doctrine of *respondeat superior*, Defendant City bears liability for all state law claims committed by its representatives, employees, and agents acting within that scope

**ANSWER:** Defendant denies Plaintiff's statement of the law with respect to *respondeat superior* is a complete and accurate summary of the law and therefore denies that allegation. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph as they relate to John Doe. Defendant admits the remaining allegations in this paragraph.

## FACTUAL ALLEGATIONS

7. On or about August 11, 2024, Defendant Bryant was assigned to conduct a sting operation aimed at soliciting women to engage in acts of prostitution.

**ANSWER:** Defendant admits that he was conducting an undercover operation, but denies the remaining allegations are full, complete, and accurate; and therefore, denies the remaining allegations in this paragraph.

8. Defendant Bryant stopped his vehicle alongside Plaintiff, who was standing near a gas station at 48th Street and Cicero Avenue in Chicago, Illinois.

**ANSWER:** Defendant admits the allegations in this paragraph.

9. Defendant Bryant lowered the driver's side window and instructed Plaintiff to enter his vehicle.

**ANSWER:** Defendant denies this is a full, complete, and accurate depiction of the events as they occurred and therefore denies the allegations in this paragraph.

10. Plaintiff asked Defendant Bryant whether he was a police officer.

2

**ANSWER:**     Defendant denies this is a full, complete, and accurate depiction of the events as they occurred and therefore denies the allegations in this paragraph.

11.     Defendant Bryant told Plaintiff that he was not a police officer.

**ANSWER:**     Defendant denies the allegations in this paragraph.

12.     Plaintiff entered Defendant Bryant's vehicle.

**ANSWER:**     Defendant admits the allegations in this paragraph.

13.     Plaintiff again asked Defendant Bryant whether he was a police officer.

**ANSWER:**     Defendant denies the allegations in this paragraph.

14.     To prove to Plaintiff that he was not a police officer and to induce her to agree to engage in sexual acts in exchange for money, Defendant Bryant touched her breasts and vulva through her clothes.

**ANSWER:**     Defendant denies the allegations in this paragraph.

15.     Believing he was not a police officer, Plaintiff agreed to engage in sexual acts with Defendant Bryant in exchange for money.

**ANSWER:**     Defendant admits that Plaintiff agreed to engage in sexual acts with Defendant Bryant in exchange for money but lacks knowledge as to the remaining allegations in this paragraph.

16.     Plaintiff touched Defendant Bryant's penis through his pants.

**ANSWER:**     Defendant denies the allegations in this paragraph.

17.     Additional police officers arrived, arrested Plaintiff, transported her to the police station, and charged her with prostitution under 720 ILCS 5/11-14(a).

**ANSWER:**     Defendant admits the allegations contained in this paragraph.

18.     On or about October 16, 2024, Defendant Doe was assigned to conduct a sting operation aimed at soliciting women to engage in acts of prostitution.

**ANSWER:**     Defendant lacks knowledge sufficient to form a belief about the truth of the allegations contained in this paragraph.

19.     Defendant Doe stopped his vehicle alongside Plaintiff, who was standing near a gas station at 49th Street and Cicero Avenue in Chicago, Illinois.

**ANSWER:**     Defendant lacks knowledge sufficient to form a belief about the truth of the allegations contained in this paragraph.

20.    Defendant Doe lowered the driver's side window and instructed Plaintiff to enter his vehicle.

**ANSWER:**    Defendant lacks knowledge sufficient to form a belief about the truth of the allegations contained in this paragraph.

21.    Plaintiff asked Defendant Doe whether he was a police officer.

**ANSWER:**    Defendant lacks knowledge sufficient to form a belief about the truth of the allegations contained in this paragraph.

22.    Defendant Doe told Plaintiff that he was not a police officer.

**ANSWER:**    Defendant lacks knowledge sufficient to form a belief about the truth of the allegations contained in this paragraph.

23.    To prove to Plaintiff that he was not a police officer and to induce her to agree to engage in sexual acts in exchange for money, Defendant Doe took his penis out of his pants and instructed Plaintiff to touch it.

**ANSWER:**    Defendant lacks knowledge sufficient to form a belief about the truth of the allegations contained in this paragraph.

24.    Plaintiff touched Defendant Doe's penis.

**ANSWER:**    Defendant lacks knowledge sufficient to form a belief about the truth of the allegations contained in this paragraph.

25.    Defendant Doe instructed Plaintiff to enter his vehicle.

**ANSWER:**    Defendant lacks knowledge sufficient to form a belief about the truth of the allegations contained in this paragraph.

26.    Plaintiff entered Defendant Doe's vehicle.

**ANSWER:**    Defendant lacks knowledge sufficient to form a belief about the truth of the allegations contained in this paragraph.

27.    Plaintiff again asked Defendant Doe whether he was a police officer.

**ANSWER:**    Defendant lacks knowledge sufficient to form a belief about the truth of the allegations contained in this paragraph.

28.    To prove to Plaintiff that he was not a police officer and to induce her to agree to engage in sexual acts in exchange for money, Defendant Doe touched her breasts over her shirt.

**ANSWER:**    Defendant lacks knowledge sufficient to form a belief about the truth of the allegations contained in this paragraph.

29.     Believing that he was not a police officer, Plaintiff agreed to engage in sexual acts with Defendant Doe in exchange for money.

**ANSWER:**    Defendant lacks knowledge sufficient to form a belief about the truth of the allegations contained in this paragraph.

30.     Plaintiff licked Plaintiff's penis.

**ANSWER:**    Defendant lacks knowledge sufficient to form a belief about the truth of the allegations contained in this paragraph.

31.     Additional police officers arrived, arrested Plaintiff, transported her to the police station, and charged her with prostitution under 720 ILCS 5/11-14(a).

**ANSWER:**    Defendant lacks knowledge sufficient to form a belief about the truth of the allegations contained in this paragraph.

32.     At all relevant times, the Chicago Police Department maintained either an express municipal policy, a widespread but unwritten custom or practice, or had made a decision through a municipal agent with final policymaking authority, that permitted undercover officers conducting sting operations to engage in sexual contact with women to induce them to commit prostitution, thereby engaging in abusive sexual conduct.

**ANSWER:** Upon information and belief, Defendant denies the allegations in this paragraph.

33.     In addition to the two incidents Plaintiff personally experienced, in which undercover officers made sexual contact with her to induce her to commit prostitution, she is aware of at least one other woman who has fallen victim to similar abusive sexual conduct, later discovering that the solicitor was an undercover Chicago police officer.

**ANSWER:** Defendant denies the allegations in this complaint occurred as represented and therefore denies this paragraph in its entirety.

34.     As a direct and proximate result of one or more of the above-mentioned actions and/or omissions by Defendants, Plaintiff suffered significant injuries, including but not limited to the loss of liberty, invasion of privacy, humiliation, indignities, and suffered great mental and emotional pain in an amount yet to be ascertained.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

35.     The actions and/or omissions mentioned above by Defendants were willful, wanton, malicious, oppressive, and done with reckless indifference and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

36.     Because of the actions and/or omissions mentioned above by Defendants, Plaintiff retained attorneys to institute, prosecute, and render legal assistance to her in the within action so that they might vindicate the loss and impairment of her rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorneys' fees under all relevant provisions set by law.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

## COUNT I
## ABUSIVE SEXUAL CONTACT IN VIOLATION OF THE FOURTH AMENDMENT UNDER 42 U.S.C. § 1983

Defendant makes no answer to the allegations in Count I as the count is subject to Defendants' motion to dismiss, *see* ECF No. 35. To the extent an answer is required, Defendant denies the allegations contained in this count.

## COUNT II
## ABUSIVE SEXUAL CONTACT IN VIOLATION OF THE FOURTEENTH AMENDMENT'S DUE PROCESS CLAUSE UNDER 42 U.S.C. § 1983

Defendant makes no answer to the allegations in Count II as the count is subject to Defendants' motion to dismiss, *see* ECF No. 35. To the extent an answer is required, Defendant denies the allegations contained in this count.

## COUNT III
## SEX DISCRIMINATION IN VIOLATION OF THE FOURTEENTH AMENDMENT'S EQUAL PROTECTION CLAUSE UNDER 42 U.S.C. § 1983

Defendant makes no answer to the allegations in Count III as the count is subject to Defendants' motion to dismiss, *see* ECF No. 35. To the extent an answer is required, Defendant denies the allegations contained in this count.

## COUNT IV
## *MONELL* CLAIM FOR ABUSIVE SEXUAL CONTACT IN VIOLATION OF THE FOURTH AMENDMENT UNDER 42 U.S.C. § 1983

Defendant makes no answer to the allegations in Count IV as the count is subject to Defendants' motion to dismiss, *see* ECF No. 35. To the extent an answer is required, Defendant denies the allegations contained in this count.

## COUNT V
## *MONELL* CLAIM FOR ABUSIVE SEXUAL CONTACT IN VIOLATION OF THE FOURTEENTH AMENDMENT'S DUE PROCESS CLAUSE UNDER 42 U.S.C. § 1983

Defendant makes no answer to the allegations in Count V as the count is subject to Defendants' motion to dismiss, *see* ECF No. 35. To the extent an answer is required, Defendant denies the allegations contained in this count.

## COUNT VI
## *MONELL* CLAIM FOR ABUSIVE SEXUAL CONTACT IN VIOLATION OF THE FOURTEENTH AMENDMENT'S EQUAL PROTECTION CLAUSE UNDER 42 U.S.C. § 1983

Defendant makes no answer to the allegations in Count VI as the count is subject to Defendants' motion to dismiss, *see* ECF No. 35. To the extent an answer is required, Defendant denies the allegations contained in this count.

## COUNT VII
## BATTERY IN VIOLATION OF ILLINOIS COMMON LAW

49.     Plaintiff hereby incorporates and reasserts paragraphs one (1) through thirty-six (36) as though fully set forth at this place.

**ANSWER:** Defendant incorporates and reasserts his above answers as if fully stated herein.

50.     Defendant Officers intentionally made abusive sexual contact with Plaintiff by concealing their identities to trick Plaintiff into engaging in sexual acts with them, which was offensive, causing her to suffer emotional and other injuries. Through this conduct, Defendant Officers committed battery under Illinois common law. Therefore, Defendant City is liable under the doctrine of *respondeat superior.*

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as they relate to John Doe and denies the remaining allegations in this paragraph.

## AFFIRMATIVE DEFENSES

1.     Defendant Bryant is a government official, namely a police officer, who performs discretionary functions. At all times material to the events alleged in Plaintiff's complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Bryant could have believed his actions to be lawful, in light of clearly established law and the information that he possessed. Defendant Bryant, therefore, is entitled to qualified immunity as a matter of law.

2.     To the extent Plaintiff failed to mitigate any of her claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a

duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in the case.

3.      Defendant Bryant cannot be held liable for Plaintiff's 42 U.S.C. § 1983 claims unless he individually caused or participated in an alleged constitutional deprivation because individual liability for damages under 42 U.S.C. § 1983 is predicated upon personal responsibility. See *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

4.      Under Illinois law, Defendant Bryant is not liable for his acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202 (West 2018).

5.      Under Illinois law, Defendant Bryant is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204 (West 2018).

6.      Under Illinois law, Defendant Bryant is not liable for any of the claims alleged because his actions were based upon the information and circumstances known to Defendant at the time, and were discretionary decisions for which he is immune from liability. 745 ILCS 10/2-201 (2018).

7.      To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of the Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this cause. At the time of the actions alleged in Plaintiff's complaint section 2-1116 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1116 (West 2018)) was in effect and reduces Plaintiff's recovery according to her contributory negligence and bars ger recovery entirely when the Plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

8.     As to Plaintiff's state law claims, under the Tort Immunity Act, Defendant Bryant is not liable for any claim for punitive damages because a public official is not liable to pay punitive or exemplary damages in any action arising out of an act or omission made by the public official while serving in an official executive, legislative, quasi-legislative or quasi-judicial capacity, brought directly or indirectly against him by the injured party or a third party. 745 ILCS 10/2-102 (2012); *Reese v. May*, 955 F. Supp. 869, 873 (N.D. Ill. 1996); *Golden v. Village of Glenwood*, No. 14 C 7247, 2015 WL 1058227, *3-5 (Mar. 6, 2015).

9.     Plaintiff's fails to state an equal protection claim because she does not allege facts to support the idea that similarly situated people were treated differently from her. *Pinedo v. City of Chicago*, 2011 WL 829305, at *2 (N.D. Ill. Mar. 4, 2011).

## JURY DEMAND

Defendant respectfully demands a trial by jury for all issues so triable.

Dated:  September 22, 2025                                  Respectfully submitted,

                                                           */s/ Maxwell Evan Lisy*
                                                           Maxwell Evan Lisy
                                                           Assistant Corporation Counsel Supervisor

Maxwell Lisy
*Assistant Corporation Counsel Supervisor*
Brian S. Siegel
*Assistant Corporation Counsel*
City of Chicago Department of Law
2 N. LaSalle St., Ste. 420
Chicago, IL 60602
brian.siegel@cityofchicago.org
maxwell.lisy@cityofchicago.org
(312) 744-5890 (Siegel)
(312) 742-0305 (Lisy)
**Counsel for Defendant Bryant**