**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| VERONICA HINTON, ) | |
| ) | |
| Plaintiff, ) | Case No. 24-cv-12017 |
| ) | |
| v. ) | |
| ) | Honorable John J. Tharp Jr. |
| THE CITY OF CHICAGO, ) | |
| MATTHEW O. BRYANT, and ) | |
| JOHN DOE, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff Veronica Hinton, by and through her attorney, Peter T. Sadelski of Ed Fox & Associates, Ltd., responds to Defendants' Motion to Dismiss, as follows:

**I. INTRODUCTION**

Plaintiff filed a complaint that the Court dismissed without prejudice. Thereafter, she filed an amended complaint attempting to cure all deficiencies. The amended complaint includes three claims:

1) Defendants Matthew O. Bryant and John Doe made abusive sexual contact with her while soliciting her to commit acts of prostitution, causing her to suffer emotional and other injuries in violation of the Fourth and Fourteenth Amendments;

2) Defendant City of Chicago had an express municipal policy, a widespread but unwritten custom or practice, or decided on a municipal agent with final policymaking authority, that permitted undercover officers conducting sting operations to engage in sexual contact with women to induce them to commit prostitution, thereby engaging in

abusive sexual conduct, directly causing her to suffer emotional and other injuries in violation of the Fourth and Fourteenth Amendments; and

    3) Defendants Bryant and Doe intentionally made abusive sexual contact with her by concealing their identities to trick her into engaging in sexual acts with them, which was offensive, causing her to suffer emotional and other injuries, battering her under the law of Illinois, making Defendant City liable under the doctrine of *respondeat superior*.

Defendants filed a motion to dismiss, seeking dismissal of the federal claims for various reasons. Plaintiff disagrees with Defendants' arguments that the Court should dismiss the claims against Defendants Bryant and Doe. That is because Plaintiff plausibly alleged facts reasonably inferring that Defendants Bryant and Doe deprived Plaintiff of her constitutional rights against unreasonable seizures, to bodily integrity, and against sex discrimination by engaging in abusive sexual contact with her while conducting their investigations into her, whom they suspected would engage in prostitution if solicited.

Plaintiff, however, agrees that she did not allege enough facts from which the Court could make a plausible inference that Defendant City is liable under *Monell*. Thus, Plaintiff does not oppose Defendants' request that the Court dismiss that claim for the time being. Plaintiff, however, asks, assuming that the Court keeps the claim against Defendants Bryant and Doe, that the Court dismiss the claim without prejudice, in case discovery reveals facts that would allow her to plausibly allege a *Monell* claim down the line.

**II. ARGUMENT**

**A. Plaintiff fixed factual allegations that she inaccurately stated in the original complaint.**

In its July 14, 2025, opinion, the Court stated that "Hinton's claim is not that Officer Bryant violated her rights by soliciting her to engage in prostitution; her claim is that, after determining that Hinton had engaged in prostitution, Officer Bryant touched her inappropriately." Dkt. No. 29, p. 10. The Court dismissed the claim "without prejudice," because "Hinton could allege additional facts showing that state law empowered Officer Bryant to touch her inappropriately." Id., p. 13. The Court gave "Hinton leave to file an amended complaint by August 8, 2025." Id., p. 17.

In their motion, Defendants, relying on *Orgone Capital III, LLC v. Daubenspeck*, 912 F.3d 1039, 1048 (7th Cir. 2019), which stated that "[a]n amended pleading does not operate as a judicial *tabula rasa*[,]" argue that "Plaintiff has not added facts; she has deleted them or reworded them to be contradictory to her original allegations." They then request the Court to "consider Plaintiff's strategic revisions against the backdrop of its own prior order." Dkt. No. 35, p. 5.

Plaintiff understands the Court's opinion to mean that if the sexual contact happened not after Plaintiff engaged in prostitution, but during Defendant Bryant's investigation, she could amend the complaint, including facts that would reasonably infer this. And indeed, that is what happened. Any submission to the contrary in the original complaint was factually inaccurate. To fix this inaccuracy, Plaintiff filed an amended complaint, alleging facts that reasonably infer that Defendants Bryant and Doe made unlawful sexual contact with Plaintiff during their investigation. Dkt. No. 30.

**B. Plaintiff sufficiently alleged a claim that Defendants Bryant and Doe deprived Plaintiff of her constitutional rights against unreasonable seizures, to bodily integrity, and against sex discrimination by**

3

**engaging in abusive sexual contact with her while conducting their investigations into her, whom they suspected would engage in prostitution if solicited.**

"The traditional understanding of what it means for an official to act under color of state law encompasses misconduct by officials exercising power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *DiDonato v. Panatera*, 24 F.4th 1156, 1159 (7th Cir. 2022) (quotation marks omitted). "Indeed, it is firmly established that a § 1983 defendant acts under color of state law when he abuses the position given to him by the State." *Id.* (quotation marks omitted).

In its July 14, 2025, opinion, the Court strongly suggested that if Defendant Bryant touched Plaintiff's intimate body parts during his investigation into prostitution, but before she engaged in prostitution, that conduct was under color of state law. In relevant part, the Court said, "True, before Officer Bryant engaged in 'abusive sexual contact' with Hinton, he was investigating prostitution. And true, Officer Bryant's power to conduct that investigation (i.e., to solicit Hinton without subjecting himself to criminal penalties) was likely 'possessed by virtue of state law.'" quoting *Wilson v. Price*, 624 F.3d 389, 392 (7th Cir. 2010).

In her amended complaint, Plaintiff alleged that Defendants Bryant and Doe engaged in abusive sexual contact with her while conducting their investigations into her, whom they suspected would engage in prostitution if solicited. Dkt. No. 30, ¶¶ 7, 18, 38, 40, and 42. This is the very conduct this Court suggested would be considered under color of state law.

4

For the foregoing reasons, the Court should reject Defendants' argument that Defendants Bryant and Doe did not deprive Plaintiff of any constitutional rights.

## III. CONCLUSION

The Court should deny Defendants' Motion to Dismiss regarding the claim against Defendants Bryant and Doe because Plaintiff plausibly alleged that they violated her rights against unreasonable seizures, to bodily integrity, and against sex discrimination by engaging in abusive sexual contact with her while conducting their investigations into her, whom they suspected would engage in prostitution if solicited.

Dated: October 28, 2025

Respectfully submitted,

*/s/ Peter T. Sadelski*
Peter T. Sadelski
Ed Fox & Associates, Ltd.
118 N. Clinton Street, Suite 425
Chicago, IL 60661
(312) 345-8877
petersadelski@efoxlaw.com
*Attorney for Plaintiff*

5